**Carl BEYNON, et al., Plaintiffs,**

**v.**

**K-MART CORPORATION, Defendant.**

**No. C-2-83-1175.**

United States District Court,
S.D. Ohio, E.D.

Aug. 21, 1986.

---

James L. Graham, Graham, Dutro & Nemeth, Columbus, Ohio, for plaintiffs.

Stanley K. Van Buren, Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, Judge.

This matter comes before the Court to consider the plaintiffs' motion for prejudgment interest.

This is a negligence action wherein the plaintiffs, Carl and Shirley Beynon, alleged that defendant K–Mart negligently maintained its loading dock steps and that said negligence proximately caused Carl Beynon to slip and fall and sustain permanent bodily injuries during the course of his delivery of goods to K–Mart on the morning of January 21, 1982. After a trial on the merits on March 10, 1986, a jury returned a verdict in favor of the plaintiffs and found that the plaintiffs had sustained damages of $232,000 as a result of the fall. However, because the jury found that Carl Beynon was contributorily negligent for fifty percent of his injuries, the jury's award was decreased by half. The Clerk of Court entered judgment in favor of the plaintiffs for $126,000 on March 11, 1986. Thereafter, on March 19, 1986, the plaintiffs' moved for an award of prejudgment interest pursuant to O.R.C. § 1343.03(C).

Ohio Revised Code section 1343.03(C) states:

> Interest on a judgment, decrees, or order of the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is paid did not fail to make a good faith effort to settle the case.

The parties have agreed to rely upon the pleadings and supporting documents submitted with respect to the issue of prejudgment interest in lieu of the hearing contemplated by the above section.

The defendant first argues that plaintiffs' motion for prejudgment interest was not timely filed and, therefore, must be denied. It refers the Court to *Mills v. City of Dayton,* 21 Ohio App.3d 208, 210, 486 N.E.2d 1209 (Ct.App.Montgomery Cty. 1985) wherein the Court of Appeals held that a motion for prejudgment interest "must be made and determined prior to the

court's entering of the final judgment." Although the statute does not state when the plaintiff must request prejudgment interest, the Court of Appeals reasoned that requiring the plaintiff to raise the issue prior to judgment was consistent with the Ohio Rules of Civil Procedure.

■ Without addressing whether the Court of Appeals' construction of section 1343.03(C) is correct, the Court notes that the rule spelled out in *Mills* is procedural in nature and, therefore, is not binding upon this Court. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Byrd v. Blue Ridge Rural Electric Co-operative*, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754 (1958). Thus, although the Court must recognize the substantive right to prejudgment interest created by section 1343.03(C), the time at which the plaintiff asserts his right to such interest is governed by the appropriate Federal Rules of Civil Procedure.

■ The plaintiffs argue that Rule 59(e) provides them with an opportunity to amend or modify a final judgment to include prejudgment interest. Plaintiffs' argument is well taken. In *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 42 (2d Cir.1979), the Second Circuit indicated that a plaintiff may move for statutorily entitled prejudgment interest under Rule 59(e) notwithstanding the fact that the plaintiff did not request prejudgment interest in the complaint or during the course of trial. *See also Earnhardt v. Commonwealth of Puerto Rico*, 744 F.2d 1, 3 (1st Cir.1984). Other courts have held that where the plaintiff has a statutory right to prejudgment interest, a motion to amend the judgment to include said interest may be made more than ten days after the entry of judgment under Rule 60(a). *See Glick v. White Motor Co.*, 317 F.Supp. 42 (E.D.Pa.1970), *aff'd* 458 F.2d 1287 (3rd Cir.1972) and *McGee v. United States*, 62 F.R.D. 205, 209–210 (E.D.Pa.1973). Given the above authority and the fact that the plaintiffs moved for prejudgment interest within the ten-day period provided for the amendment of judgments by Rule 59(e), the Court finds

that the plaintiffs' motion for pre-judgment interest was timely filed.

■ The defendant next argues that the above section may be unconstitutional on the grounds that it violates the equal protection provisions of the Ohio Constitution, Article I, Section 2. The defendant refers the Court to an unreported opinion of a state trial court which held that the statute violates the equal protection clause of the Ohio Constitution. *Tate v. Patterson*, Case No. 88202–81, slip op. at 3 (Lorain Cty Ct. Common Pleas, Dec. 16, 1985). The Court notes, however, that the Cuyahoga County Court of Appeals held in an earlier opinion that section 1343.03(C) does not violate the equal protection provisions of the Ohio Constitution. *Edgerson v. Cleveland Electric Illuminating Co.*, Case Nos. 48389 and 48395, slip op. at 10–11 (Ct.App.Cuyahoga Cty, July 25, 1985). Whereas the Court is bound to accept a state appellate court's interpretation of Ohio's constitution, the Court finds no merit to the defendant's argument.

■ Turning to the merits of the motion, under Ohio law the Court must determine whether the parties made a "good faith effort to settle the case." O.R.C. § 1343.-03(C). Under section 1343.03(C), the party seeking prejudgment interest must:

... demonstrate its aggressive prejudgment settlement efforts and its adversary's lack of aggressive settlement efforts. The failure to make a good faith effort is not equivalent to bad faith conduct. A party's inactivity can constitute a failure to make good faith efforts without demonstrating bad faith.

For settlement purposes, good faith efforts include the following: (a) an affirmative effort to gather relevant data, (b) an affirmative effort to disclose relevant data, (c) an affirmative duty to evaluate that party's litigation risks and prospects reasonably, and (d) an affirmative effort to propose settlement consistent with that reasonable evaluation.

*Black v. Bell*, 20 Ohio App.3d 84, 88, 484 N.E.2d 739 (Ct.App.Cuyahoga Cty 1984).

The Court further notes that mere refusal to settle a case is not evidence of bad faith.

> If a party has a good faith belief that it has no liability, it is not required to make some offer of settlement to avoid pre-judgment interest. [cites omitted] ... On the other hand, if a party adopts the position that it has a complete defense but does not have a reasonable basis for such a position, then the absence of an offer to settle may be evidence of the lack of a good faith effort to settle.

*Edgerson, supra,* at 7–8.

In the present case, the plaintiffs filed this action on June 30, 1983 and the defendant answered on August 10, 1983. The plaintiffs were deposed on November 14, 1983, at which time Carl Beynon testified that he slipped on a piece of plastic that was laying on top of the snow and ice on the loading dock steps adjacent to a dumpster maintained by K–Mart. The uncontradicted evidence further shows that the plaintiffs communicated a settlement demand of $150,000 no later than March 5, 1984. At the same time, they also provided the defendant with the medical evaluations of Dr. Bruce Goldsmith which indicated that Carl Beynon had suffered severe psychological disorders as a result of his fall.

On June 13, 1984, the plaintiffs deposed various K–Mart employees who testified that a dumpster without a lid had been kept adjacent to the loading dock prior to the accident and on different occasions plastic bags and other trash had been found around the steps of the loading dock. However, the K–Mart employees as well as the members of the emergency squad who attended Carl Beynon after the accident testified that they did not observe any loose plastic bags in the vicinity of the loading dock on the morning of the accident.

In August, 1984, Carl Beynon was evaluated by the defendant's medical expert, Dr. James Reardon. Dr. Reardon concluded that Mr. Beynon indeed was suffering from a psychiatric disorder but felt that the disorder pre-dated the January 21, 1982 injury.

By October 1984, the defendant had not responded to plaintiffs' settlement demand and, therefore, on October 3, 1984, the plaintiffs renewed their request for a response by the defendant to the settlement demand. The defendant responded by requesting copies of Carl Beynon's tax returns for the years 1979 through 1982. The plaintiffs' complied with this request on November 14, 1984. Still not having had any response, the plaintiffs' counsel requested a response to its settlement demand on December 18, 1984 and again on April 25, 1985. In the latter letter, the plaintiffs explicitly stated to the defendant that they believed its failure to respond to their reasonable settlement demand constituted bad faith negotiations and, accordingly, they would seek prejudgment interest under section 1343.03(C). The defendant still failed to respond.

On September 5, 1985, U.S. Magistrate held a status conference in this case at which time the defendant finally responded to plaintiffs' settlement demand. The defendant rejected the demand and offered a settlement of $15,000. This offer was rejected by the plaintiffs on October 15, 1985. Spirito Letter of Stanley Van Buren, Oct. 15, 1985.

There appears to have been some discussion of settlement immediately before this case went before the jury. Specifically, counsel for the plaintiffs suggested that an $100,000 settlement would be satisfactory. However, the defendant failed to promptly respond but, instead, on the third day of trial, offered the plaintiffs $60,000. The offer was promptly rejected.

The Court believes that the evidence clearly establishes that the plaintiffs negotiated in good faith. They promptly pursued discovery and provided the defendant with all requested documents and information. Moreover, the proximity of plaintiffs' settlement demand to the jury's eventual award is evidence that the plaintiffs' demand was reasonable. *Black, supra* at 88, 484 N.E.2d 739. Plaintiffs' settlement demand also must be viewed as reasonable

given fact that Carl Beynon's injury rendered him permanently disabled. Finally, the Court observes that the plaintiffs aggressively pursued settlement negotiations but their efforts were of no avail because of the defendant's unwillingness to respond.

More troubling is the question of whether the defendant's made good faith efforts to settle this case. The Court is mindful that the mere failure of the defendant to accurately predict the final outcome and jury's award does not constitute a lack of good faith. *Id.* at 88, 484 N.E.2d 739. The Court also realizes that a party is not required to make a settlement offer if there are reasonable grounds for its good faith belief that it is not liable. *Edgerson, supra* at 8.

In the present case, it is arguable that the defendant had a good faith belief that it was not liable. The defendant maintains that this belief was based upon the conflicting testimony concerning the presence of trash on the loading dock steps at the time of the accident. The defendant also points out that there was conflicting expert testimony concerning the proximate cause of Carl Beynon's psychiatric disorder. Finally, the defendant argues that it harbored a good faith belief that it was not liable under Ohio common law which insulates an occupier of a premises from suit by business invitees who are injured by obvious or known dangers. *Sidle v. Humphrey* 13 Ohio St.2d 45, 233, No.2d 589 (1968).

On the other hand, the defendant was fully aware of the nature of the plaintiffs' claim and proof in support thereof as early as June 1984. The record further indicates that the bulk of discovery had been completed by September 1984. Notwithstanding the fact that the defendant had substantial information and opportunity to evaluate its position, it failed to respond to plaintiffs' repeated settlement demands made in the following months. It persisted in its silence even in the face of plaintiffs' warning that it would seek prejudgment interest because of its failure to negotiate. At no point has the defendant offered a reasonable explanation for its failure to respond, a failure which is all the more unreasonable given the financial and physical condition of Carl Beynon.

When the defendant finally responded, it made an offer that was only a small fraction of plaintiffs' initial demand. The Court appreciates that the reasonableness of a settlement offer should not be judged by the damages eventually awarded by a jury. However, given the deposition testimony indicating that both parties were partially negligent, the severity of the plaintiffs' injuries and the allocation of fault under Ohio's comparative negligence law, the Court believes that the defendant's offer was unreasonably low.

Finally, the Court observes that even after the defendant appreciated the Court's position on various legal and evidentiary issues, the defendant's failed to reconsider their position in a timely fashion and make a new offer to the plaintiffs. Moreover, when the plaintiffs reduced their demand immediately prior to trial, the defendant was either unwilling or unprepared to act upon it.

Viewed in isolation, the Court does not believe that any one of the above acts or omissions by the defendant rises to a level of bad faith or lack of good faith. However, considering the overall nature and pattern of the defendant's conduct and the circumstances of this proceeding, the Court concludes that the defendant failed to make a good faith effort to negotiate a settlement. Whereas such failure entitles the plaintiff to prejudgment interest under Ohio law, the Court finds plaintiffs' motion for prejudgment interest to be meritorious and it is, therefore, GRANTED. Accordingly, the Court DIRECTS the Clerk to AMEND the judgment entered on March 11, 1986 by awarding the plaintiffs prejudgment interest in accordance with O.R.C. § 1343.03(C).

IT IS SO ORDERED.