**Carl and Shirley BEYNON,**
**Plaintiffs–Appellees,**

v.

**K–MART CORPORATION,**
**Defendant–Appellant.**

**No. 86–3867.**

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1987.
Decided Feb. 12, 1988.

Stanley K. Van Buren, Thomas J. Keener (argued), Wiles, Doucher, Van Buren & Boyle Co., L.P.A., Columbus, Ohio, for defendant-appellant.

James L. Graham, Graham, Dutro & Nemeth, Columbus, Ohio, Maryellen C. Spirito (argued), for plaintiffs-appellees.

Before MERRITT and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an award of prejudgment interest, under Ohio Revised Code § 1343.03(C), to plaintiffs who recovered a judgment against the defendant in a personal injury action. The defendant challenges the district court's determination that the defendant failed to make a "good faith" effort to settle the case, which determination was the predicate for the award of interest. The defendant also claims that O.R.C. § 1343.03(C) is unconstitutional, and that the motion for interest was untimely. Although we doubt that the latter claims are meritorious, we need not decide them; it appears to us that the district court, 642 F.Supp. 878, clearly erred in holding that the defendant did not make a good faith effort to settle, and we shall reverse the award of interest on that basis.

Plaintiff Carl Beynon was making a delivery to a K–Mart store in Cambridge, Ohio, on January 21, 1982, when he slipped and fell on the steps of the store's loading dock. He and his wife sued K–Mart Corporation, asserting that K–Mart had negligently left a plastic garment bag lying on top of an accumulation of ice and snow on the loading dock steps. Mr. Beynon claimed to have slipped on the garment bag, suffering injuries (primarily psychiatric) that left him unable to engage in gainful employment.

The defendant made a settlement offer of $15,000 some six months prior to trial, and increased its offer to $60,000 during trial. The plaintiffs reduced their settlement demand from $150,000 to $100,000, but no settlement was reached. Finding both parties 50% at fault, the jury awarded the plaintiffs $116,000.

Nine days after entry of judgment, the plaintiffs filed a motion for prejudgment interest under O.R.C. § 1343.03(C). The court granted the motion. The defendant has taken an appeal only from the award of interest; there was no appeal from the underlying judgment.

O.R.C. § 1343.03(C) provides that prejudgment interest may be ordered where the party required to pay the judgment failed to make a "good faith" effort to settle the case. The Supreme Court of Ohio recently clarified the good faith requirement in *Kalain v. Smith*, 25 Ohio St.3d 157, 495 N.E.2d 572 (1986) (syllabus), holding:

"A party has not 'failed to make a good faith effort to settle' under R.C. § 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

It is undisputed that the defendant in the case at bar fully cooperated in discovery proceedings, did not attempt to delay the proceedings unnecessarily, and made a settlement offer. What is in dispute is whether the settlement offer reflected a rational evaluation by K–Mart of its risks and potential liability.

The complaint was filed on June 30, 1983, alleging negligence on the basis of the condition of the loading dock and its steps with respect to "trash and debris, and an unnatural accumulation of ice and snow." The only person who testified to having seen trash on the steps on the day of the accident was plaintiff Carl Beynon. The plaintiffs took the depositions of three K–Mart employees who testified that they saw no trash on the dock or the steps that day. The employees further testified in their depositions that the accumulations of ice and snow were natural accumulations.

The defendant could rationally have concluded that there was a strong likelihood it would not be found liable for suffering trash to remain on the steps, either because it would be found that no trash was present or because it would be found that any danger posed by the presence of trash was so obvious that the defendant was under no duty to protect the plaintiff from it. The defendant could rationally have concluded that it would not be found liable on account of the ice and snow, similarly,

because under Ohio law the owner and occupier of premises ordinarily has no duty to remove natural accumulations of ice and snow.

The Supreme Court of Ohio has held that '[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, syl. ¶ 1 (1968). Plaintiff Carl Beynon admitted that he had seen plastic bags on the steps when he arrived at the store, although the bags were imbedded in the snow and ice. Mr. Beynon also testified that on prior occasions he had complained more than once, as had other delivery people, about the presence of trash on the steps. He was therefore aware of the danger posed by the presence of trash.

The Ohio Supreme Court also held in the *Sidle* case that:

"2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them....

3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises...."

*Id.*, syl. ¶¶ 2 & 3 (citations omitted.)

Although the complaint in the case at bar alleged "unnatural" accumulations of ice and snow, there was no explanation of what made them unnatural. The evidence indicated nothing unnatural about the accumulations. It seems clear to us that an objective evaluation of the defendant's potential liability would have suggested that liability was thin, and the jury's verdict supports the conclusion that the liability question was a close one. The jury found each party 50% at fault. If the degree of fault assigned to the plaintiff had been only 1% greater, the defendant would not

have been liable at all. See O.R.C. § 2315.19.

There was a legitimate basis, moreover, for questioning the damages claimed to have been suffered as a result of the accident. A physician who examined Mr. Beynon at the request of the defendant opined that Mr. Beynon's mental disorder, which was alleged to have resulted from the fall, actually predated it.

The conclusion that the substantial settlement offers made by the defendant were not in "good faith" was clearly erroneous, in our opinion. Accordingly, the order of the district court awarding prejudgment interest is REVERSED.