Darrol R. CHURCH, et al., Plaintiffs,

v.

WHIRLPOOL CORPORATION, Defendant.

No. C 88–7065.

United States District Court, N.D. Ohio, W.D.

Feb. 28, 1989.

Terry V. Hummel, Gahanna, Ohio, for plaintiffs.

Jack Zouhary, Toledo, Ohio, for defendant.

OPINION AND ORDER

JOHN W. POTTER, District Judge:

This cause is before the Court on defendant's motion for summary judgment, plaintiffs' opposition, plaintiffs' supplemental memorandum and defendant's reply. The Court has also heard oral argument.

This action was brought by plaintiffs to recover damages from injuries caused to plaintiff Darrol Church as a result of a slip and fall on ice on defendant's property.

Under the Federal Rules of Civil Procedure, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Supreme Court has recently stated that the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).... In reviewing a motion for summary judgment, however, all inferences " 'must be viewed in the light most favorable to the party opposing the motion.' " *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). *Ralph Shrader, Inc. v. Diamond International Corp.*, 833 F.2d 1210, 1213 (6th Cir. 1987).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law of the case identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, only disputes of facts affecting the outcome of the suit under the applicable substantive law will preclude the entry of summary judgment. *Id.* A moving party may discharge its burden "by 'showing' —that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."

*Celotex*, 477 U.S. at 324–325, 106 S.Ct. at 2553–54. Where the moving party has met its initial burden, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. "[P]laintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor." *Id.* at 257, 106 S.Ct. at 2514.

There is no dispute as to the following material facts. Plaintiff was employed by the Signal Delivery Company, a subcontractor engaged by defendant to supply semi-tractors and drivers at its Clyde, Ohio distribution center. On the date of the accident, December 10, 1986, plaintiff was working at the defendant's facility in Clyde as a spotter, moving semi-trailers from place to place at the facility at the direction of defendant's dispatchers. Weather conditions of rain and freezing temperatures the previous night resulted in icy conditions throughout the local area. Plaintiff was aware of the ice frozen on the concrete apron where he was required to work. The icy spot on which plaintiff fell had been caused by the rain and freezing temperature. Prior to his fall, plaintiff worked on the icy lot for approximately 2–½ hours. Plaintiff fell as he stepped down out of a truck onto the ice.

The Supreme Court of Ohio has held that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589, syl. ¶ 1 (1968).

.    .    .    .    .

The Ohio Supreme Court also held in the *Sidle* case that:

"2. The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will

discover those dangers and protect himself against them....

3. Ordinarily, an owner and occupier has no duty to his business invitee to remove natural accumulations of snow and ice from private walks and steps on his premises...."

*Id.*, syl. ¶¶ 2 & 3 (citations omitted.)

*Beynon v. K–Mart Corporation*, 839 F.2d 283, 285 (6th Cir.1988). *See also Lopatkovich v. Tiffin*, 28 Ohio St.3d 204, 503 N.E.2d 154 (1986).

The duty owed to frequenters, *i.e.* including employees of other companies, is no more than a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge. See, *e.g.*, *Westwood v. Thrifty Boy*, (1972), 29 Ohio St.2d 84, 58 O.O.2d 154, 278 N.E.2d 673, paragraph one of the syllabus.

However, the duty to frequenters of places of employment, as set forth in R.C. 4101.11, does not extend to hazards which are inherently and necessarily present because of the nature of the work performed, where the frequenter is the employee of an independent contractor.

*Eicher v. United States Steel Corp.*, 32 Ohio St.3d 248, 249, 512 N.E.2d 1165 (1987).

It is conceded that plaintiff was well aware of the obvious natural accumulation of ice in his work area. Plaintiffs' argument that defendant had a duty to make reasonable efforts to remove ice and snow from the parking and loading dock areas is contrary to existing law.

The Court has considered plaintiffs' contention at oral argument that *Hirschbach v. Cincinnati Gas & Electric Co.*, 6 Ohio St.3d 206, 452 N.E.2d 326 (1983), imposes a duty on defendant in this case. *Hirschbach* is distinguishable on its facts as imposing liability on one who engages the services of an independent contractor where he actually participates in the job operation performed by the contractor's employee and thereby fails to eliminate a hazard which could have been eliminated in the exercise of ordinary care. *Id.* at 208, 452 N.E.2d 326. The hazard in this case was the natural accumulation of ice and snow, which defendant had no duty to remove under *Sidle*, or which constitutes a hazard inherently and necessarily present because of the nature of the work performed under *Eicher*. In either case, defendant is not liable to plaintiffs for any injury cased thereby. Accordingly, defendant is entitled to judgment as a matter of law.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendant's motion for summary judgment be, and hereby is, GRANTED.