SIDLE ET AL., APPELLEES, v. HUMPHREY, APPELLANT.

(No. 40796—Decided January 24, 1968.)

Mr. *Robert D. Holmes*, Mr. *George E. Tyack* and Mr. *Thomas M. Tyack*, for appellees.

Messrs. *Wiles, Doucher, Tressler, Martin & Ford*, and Mr. *Paul W. Martin*, for appellant.

TAFT, C. J. Both sides apparently concede that Mark was a business invitee of the defendant's tenants. The only cause of Mark's fall alleged in the pleadings or indicated by the evidence was the natural accumulation of ice and snow on the steps and on the porch at the top of those steps.

Paragraph two of the syllabus in *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 227 N. E. 2d 603, reads:

"The mere fact standing alone that the owner or occupier has failed to remove the natural accumulations of snow and ice from private walks on his business premises for an unreasonable time does not give rise to an action by a business invitee who claims damages for injuries occasioned by a fall thereon."

The *Debie case* was followed in *Allison* v. *Wnek* (1967), 12 Ohio App. 2d 97. Prior to our holding in the *Debie case*, there had been similar holdings by our Courts of Appeals. *Steinbeck* v. *John Hauck Brewing Co.* (Hamilton County 1916), 7 Ohio App. 18; *Turoff* v. *Richman* (Cuyahoga Coun-

ty 1944), 76 Ohio App. 83, 61 N. E. 2d 486; *Wise* v. *A. & P. Tea Co.* (Franklin County 1953), 94 Ohio App. 320, 115 N. E. 2d 33; *Martinelli* v. *Cua* (Franklin County 1962), 115 Ohio App. 151, 184 N. E. 2d 514; *Levine* v. *Hart Motors, Inc.* (Columbiana County 1955), 75 Ohio Law Abs. 265, 143 N. E. 2d 602; *Herbst* v. *Y. W. C. A.* (Stark County 1936), 57 Ohio App. 87, 11 N. E. 2d 876.

See also *Chase* v. *Cleveland* (1886), 44 Ohio St. 505, 9 N. E. 225; *Norwalk* v. *Tuttle* (1906), 73 Ohio St. 242, 76 N. E. 617, and *McCave* v. *Canton* (1942), 140 Ohio St. 150, 42 N. E. 2d 762, relating to the duty of a municipality to remove ice and snow from its streets and sidewalks.

The contrary holding in *Rainey* v. *Harshbarger* (Hancock County 1963), 7 Ohio App. 2d 260, 220 N. E. 2d 359, was the basis for certification to this court in the *Debie case.*

The rule stated in paragraph two of the syllabus of the *Debie* case necessarily follows from well-settled principles of law defining the obligations of an occupier of premises to a business invitee.

Thus in Prosser, Law of Torts (3 Ed. 1964), 403, it is stated:

" * * * In the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself."

Also, in 2 Harper & James, Law of Torts (1956), 1491, it is stated:

"The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been."

Section 343 of the Restatement of the Law of Torts (2d) reads, so far as pertinent:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"* * *

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"* * * *"

The danger from ice and snow is an obvious danger and an occupier of premises should expect that an invitee on his premises will discover and realize that danger and protect himself against it.

As stated by Shauck, J., in *Norwalk* v. *Tuttle, supra* (73 Ohio St. 242), at page 245:

"In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily they disappear before correction would be practicable * * *. To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable * * * to perform."

There is language in the opinion of *Oswald* v. *Jeraj* (1946), 146 Ohio St. 676, 67 N. E. 2d 779, which might support the judgment of the Court of Appeals in the instant case. However, as stated by Brown, J., in *Debie* v. *Cochran Pharmacy-Berwick, Inc., supra* (11 Ohio St. 2d 38), in distinguishing the *Oswald case*, at page 41, "* * * This case is different from a landlord-tenant situation * * * where the action is by the tenant, and the landlord has undertaken to remove snow and ice within a reasonable time." Each paragraph of the syllabus of the *Oswald case* is either limited to an action by the tenant against the landlord or to the duty owed by the landlord to the tenant. It is apparent that the duty of the landlord to the tenant as to removal of snow and ice was there based upon an implied agreement between them. Even if there is evidence which might support a finding of such an agreement in the instant case, there is nothing to indicate that such agreement

was to be for the benefit of business invitees of the tenant. See annotation 26 A. L. R. 2d 610.

There is no reason why the common-law duty, owed by a landlord to a business invitee of his tenant who is on a portion of the premises over which the landlord has retained control, should be any greater than the common-law duty that any other occupier of premises would owe to his business invitee. In our opinion it is not.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and final judgment is rendered for defendant.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS, O'NEILL and BROWN, JJ., concur.

SCHNEIDER, J., concurs in paragraph four of the syllabus but dissents from the judgment.

HERBERT, J., dissenting. It is agreed that the plaintiff, a minor, was a business invitee upon the premises where he was injured.

The landlord owes a duty to exercise reasonable care to make his premises reasonably safe for his invitees.

*Cincinnati Base Ball Club Co.* v. *Eno*, 112 Ohio St. 175, in the first paragraph of the syllabus, lays down the rule in this language:

"One who expressly or by implication invites others to come upon his premises *must exercise ordinary care* to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for his invitees." (Emphasis added.)

The majority ignores this rule, long the established law of Ohio, and, although the boy was a business invitee, which is admitted, the majority accords him only the duty owed to a *trespasser*. It is generally recognized that a landlord owes no duty to a trespasser except to refrain from wanton, wilful or reckless misconduct which is likely to injure him.

The landlord was thoroughly familiar with the condi-

tion of the stairs where the boy fell. There was snow on one-half of the stairway and it appeared to be clean on the other half, although there was probably some accumulation of ice difficult to observe. The landlord had been cleaning the steps up until a matter of a few days and failed then to continue the care that he had previously exercised.

The majority relies heavily upon the case of *Debie* v. *Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St. 2d 38, but in that case the material facts were radically different from those at bar. The first paragraph of the syllabus in *Debie* reads:

"Where the owner or occupier of business premises *is not shown to have notice, actual or implied, that the natural accumulation of snow and ice on his premises has created there a condition substantially more dangerous to his business invitees than they should have anticipated* by reason of their knowledge of conditions prevailing generally in the area, there is a failure of proof of actionable negligence." (Emphasis added.)

The rule in *Debie* is squarely based upon the fact that the owner of the premises *had no notice of the dangerous conditions caused by the accumulated ice and snow*. In the case at bar, *the landlord did have actual notice by his own senses* of the dangerous condition and failed to take any steps to correct a dangerous situation.

The failure of the majority to recognize the significance of the first paragraph of the syllabus in *Debie* tends to cause some eyebrow lifting.

*Oswald* v. *Jeraj*, 146 Ohio St. 676, states the rule in the first paragraph of the syllabus:

"The owner of an apartment building who reserves possession and control of the common approaches which provide ingress to and egress from such building to and from the public sidewalk and who assumes the duty of keeping such approaches clean and *free from ice and snow* is required to exercise ordinary care to render such common approaches reasonably safe for use by the tenants." (Emphasis added.)

The landlord in the instant cause had assumed that

duty and had performed it until a few days before the accident.

The majority endeavors to distinguish *Oswald* upon the contention that the duty owed by the landlord was only to a tenant and to nobody else using the premises. *Davies* v. *Kelley*, 112 Ohio St. 122, takes issue with the majority on this point. For purposes of understanding, I quote the first paragraph of the syllabus in *Davies*:

"If the owner of a house leases a portion of it, to which access is had by ways of halls, stairways or other approaches, to be used by such tenant in common with the owner or tenants of the other portions of the premises and retains possession and control of such halls, stairways or other approaches, *it is his duty to exercise ordinary care to keep the same in a reasonably safe condition.*" (Emphasis added.)

The duty of the landlord is *not* confined to tenants only, as appears from the following quotation from the opinion in *Davies*, at page 127:

" 'So where premises are let to several tenants, each occupying different portions, but all enjoying or using certain portions in common, such as the entrances, halls, stairways, etc., of the tenements or apartment houses, the landlord is held to be in control, *and owes not only to his tenants, but to those lawfully on the premises as the servants, guests, and customers of the tenants,* the duty to exercise reasonable care and diligence to keep such parts in safe condition, and for failure to do this he is liable to such servants, guests, etc., injured in consequence of his negligence, and without fault on their part.' " (Emphasis added.)

The majority inferentially excludes, among others, a plumber, the gas man, the electric meter reader and even a physician who is called to the bedside of a sick tenant. This is not the law of Ohio.

I refer again to *Oswald, supra,* where, at page 680 in the opinion, it is said:

" * * * However, if the landlord owes the duty to keep the approaches in a reasonably safe condition, he cannot

escape liability upon the theory *that the unsafe condition is a result of natural causes.*'' (Emphasis added.)

The landlord had notice of the dangerous condition of this stairway. The boy was careful in going up the steps. There was snow on one half of the stairway but the other half appeared to be clear. It occurred to him that it would be safe to go down the clear half. He reached for the handrail and stepped down, but his foot slipped and he fell sustaining serious injuries.

A judge and a jury heard the evidence, observed the witnesses, studied their demeanor and credibility and, in every way, performed their duty. The Court of Appeals, which had the duty, among other functions, to weigh the evidence, affirmed the judgment of the trial court. Nevertheless the majority here nullifies the verdict of the jury, overrules the judgment of two lower courts and enters *final* judgment for the defendant landlord.

The basis of my dissent is that, in my opinion, this newsboy is being denied his constitutional right of trial by jury.