WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.

---

**PESELNICK, Appellant, et al.,**

v.

**FIRESTONE TIRE & RUBBER COMPANY et al., Appellees.**

[Cite as *Peselnick v. Firestone Tire & Rubber Co.* (1990), 67 Ohio App.3d 313.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP-342.

Decided April 12, 1990.

**314**

---

*Barkan & Neff* and *Sanford A. Meizlish,* for appellant.

*John W. Liebold,* for appellee Firestone Tire & Rubber Co.

*Isaac, Brant, Ledman & Becker* and *James H. Ledman,* for appellee Schottenstein Investment Corp.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Murray Peselnick, appellant, from a summary judgment which was granted in favor of appellee, Firestone Tire & Rubber Company et al. ("Firestone"). The underlying facts are as follows: On the morning of January 20, 1986, appellant dropped off his car for servicing at Firestone. Firestone leased these premises from the Schottenstein Investment Corporation ("Schottenstein"). Appellant left his keys at the service counter and told the person on duty: " * * * 'your area is awful treacherous. It is very slippery and very icy, and someone is going to fall and hurt themselves.' " Due to the extremely cold weather, a coating of ice, approximately a half-inch thick, had accumulated on the sidewalks, side streets and parking lots.

Appellant left the Firestone building through its rear exit and began to walk across the parking lot to the nearby Value City Furniture store where he was employed. When appellant had walked a short distance away from the Firestone building, he fell and sustained injuries. Pursuant to Firestone's lease agreement, Firestone was responsible for maintaining, repairing, and cleaning the concrete which extended twenty feet from the rear of the building.

After appellant fell, he noticed that his raincoat and trousers were covered with grease and oil. In his deposition testimony, appellant indicated that he had been to the Firestone store at least a dozen times prior to this incident.

Appellant's complaint was in negligence and alleged the failure of a duty to properly maintain premises held open to the public. Appellees, Firestone and Schottenstein, filed cross-claims against each other, each alleging that the other had exclusive possession and control of the premises.

Thereafter, appellees filed separate summary judgment motions, which were opposed by appellant. The trial court granted the motions of appellees and appellant now asserts the following two assignments of error:

"I. The trial court erred in finding that there were no genuine issues of fact which would preclude granting summary judgment as to both defendants.

"II. The trial court erred in finding that neither defendant-appellee knew or should have known of a condition existing that was substantially more dangerous than plaintiff should have reasonably anticipated."

■ A motion for summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be granted with caution, resolving all doubts and construing evidence against the moving party, and granted only when it

appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made. Upon review, this court must consider whether the appellees have adduced evidence which, when construed most strongly in the favor of the appellant, demonstrates both that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law.

In his first assignment of error, appellant asserts that the trial court erred in granting summary judgment to both of the appellees, Firestone and Schottenstein. Appellant argues that the natural accumulation of ice, combined with the oil and grease, created a substantially more dangerous hazard than appellant could reasonably have anticipated.

As a general rule, an owner or operator of premises may not be charged with negligence by reason of a natural accumulation of ice and snow which is open and obvious. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. The danger from ice and snow is an obvious danger and the owner or occupier of the premises has every right to expect that the business invitee will appreciate the danger and protect himself. *Id.* at 49, 42 O.O.2d at 98, 233 N.E.2d at 592. In a climate such as that which is experienced in Ohio during January, sudden occurrences of snow and ice, more often than not, defy prevention or immediate correction. *Id.* Therefore, it is unfair and unreasonable to create a duty upon the owner or occupier of premises to remove the snow and ice.

However, the evidence before this court, when construed most strongly in the appellant's favor, indicates that a one-half inch accumulation of ice was covering the parking lot and that grease, oil and perhaps some other foreign substance was on top of the ice since it was found on appellant's raincoat and trousers immediately after the fall. The moving parties, the appellees, have not produced the salient evidence which would negate any possible basis for liability. The only evidence before this court is appellant's deposition testimony and his response to interrogatories. Appellant indicates that he fell on an apparent mixture of ice and grease or oil in the vicinity of the parking lot after exiting the rear door of the Firestone building. Without any evidence tendered by appellees to negate their basis of liability, there remain genuine issues of material fact both as to constructive knowledge and the appellees'

respective responsibility for the purported hazardous condition. Accordingly, appellant's first assignment of error is well taken and is sustained.

In his second assignment of error, appellant asserts that appellees knew, or should have known, that the accumulation of ice, combined with the grease and oil, created a substantially more dangerous condition than appellant should have reasonably anticipated. He argues that although it was reasonable for him to expect icy conditions, it was unreasonable for him to expect a hazardous condition aggravated by the grease and oil. It is axiomatic that a business operation where automobiles are greased and lubricated will necessarily have grease and oil upon its premises. There is no duty upon the owner or occupier to constantly clean and remove the grease and oil as it accumulates in the area in which the repairs are performed. However, in the facts before this court, appellant's evidence demonstrates that the grease and oil were found outside of the bay area and in the parking lot. This allegation, which was not totally refuted by appellees' motions for summary judgment, creates a genuine issue of material fact as to whether the appellees, or respective appellee, had a duty to remove the grease and oil substance. Since appellees have failed to sustain their burden to demonstrate entitlement to summary judgment in their respective favor, the trial court erred in granting summary judgment and appellant's second assignment of error is well taken and is sustained.

Accordingly, appellant's first and second assignments of error are well taken and are sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, J., concurs.

McCORMAC, J., dissents.

McCORMAC, Judge, dissenting.

I dissent because it is clear, construing the facts most favorably to plaintiff, that he fell on a natural accumulation of ice. The fall occurred early the next morning after about one-half inch of ice had formed over the entire surrounding area causing a condition which plaintiff acknowledged to be extremely dangerous. He fell in a parking area where the only way that oil or grease could be on the ice would be for it to have dripped from an automobile that morning. That is the only reasonable inference from the evidence. Defendants had no duty to clean the icy surface outside the building in the parking lot and there was no possible basis for liability. Plaintiff offers no evidence to

refute the only reasonable inferences mentioned above and can present no proof that defendants had either actual or constructive knowledge of a hazard that they had a duty to alleviate nor can plaintiff present any evidence that the hazard occurred as a result of defendants' actions. It is an exercise in futility to reverse and to remand the case to the trial court.