[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas granting appellee's motion for summary judgment.
On December 31, 1995, appellant Denolda Gardner went to the Old Country Buffet on Alexis Road in Toledo, Ohio, for dinner with her daughter-in-law and her grandson. Appellant and her party walked to the rear of the restaurant to sit in a booth. Later, appellant walked from the booth to the buffet to secure her food. After completing her dinner, appellant got up from the table to leave the restaurant. Her grandson, a person of considerable size, left first and walked down the aisle toward the exit to get his car. Appellant followed her daughter-in-law down the aisle toward the exit. Three stacks of highchairs were on the side of the aisle. The back legs of two of the stacks were placed about one inch from the wall and the back legs of the other stack were about three to four inches from the wall. As appellant walked down the aisle, she tripped over the leg of one of the highchairs on the bottom of the stack that was farthest from the wall and fell to the floor, sustaining injuries to her right shoulder and knee.
Appellant filed a complaint seeking compensation from Buffets, Inc., a/k/a as Old Country Buffet, for the injuries she sustained. Her complaint alleged that the fall was the direct and proximate cause of the negligence of appellee in causing or permitting an accumulation of highchairs in an aisle leading to an exit, in failing to conduct adequate and frequent inspections of the premises for the benefit and safety of business invitees, in failing to warn of a hazardous condition, and failing to exercise reasonable care to maintain the premises in a safe manner.
In its motion for summary judgment, appellee contends that the stacks of highchairs were readily discernable, that the aisle along which the chairs were located was wide and well-lighted and that appellant would not have tripped over the leg of the highchair if she had been watching where she was walking.
The trial court granted appellee's motion for summary judgment determining that "reasonable minds could not conclude other than that the highchairs were neither latent nor concealed nor were they undiscoverable by ordinary inspection * * *. Therefore, this court concludes that the highchairs were open and obvious and defendant is entitled to summary judgment."
Appellant now appeals that decision, setting forth the following assignment of error:
 "The trial court erred in granting appellee's Motion for Summary Judgment because appellant presented evidence from which a jury would be entitled to find in her favor."
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, because appellant is a business invitee we must consider whether appellee violated the duty owed by a business owner to business invitee.
The duty owed by a business owner to a business invitee is:
 "a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn the invitee of any latent dangers upon the premises. * * * However, the owner has no duty to protect against dangers which are known to the invitee or which are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Babcock v. Marathon Petroleum Co. (August 7, 1992), Sandusky County App. No. S-1-43, unreported, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203 and Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48.
After carefully reviewing the entire record in this matter, we find that appellant has not presented evidence that is sufficient to raise a genuine material issue of fact and, when construing the evidence that was before the court most strongly in favor of appellant, reasonable minds can only conclude that appellant failed to establish that appellee violated its duty to maintain the premises in a reasonably safe condition. Moreover, any danger that did exist was so obvious and apparent that appellant could reasonably have been expected to discover it and protect herself against it. We find that appellant has not established that appellee breached its duty of care to her and the trial court properly granted summary judgment to appellee. Therefore, appellant's sole assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 ________________________________ Richard W. Knepper, J.
JUDGE
CONCUR.