While I concur with the conclusion reached by the majority today I write separately to express my concern with the manner in which that result was obtained under the application of the "open and obvious" doctrine. The law concerning open and obvious doctrine is so well-settled that there can be little doubt about the proper disposition of the present case under its application. Nonetheless, the continued validity of the doctrine itself under a comparative negligence scheme may be justly criticized.
Initially, I find the doctrine questionable because it rests on a legal fiction. As has often been stated, the doctrine relieves the premises owner of the duty to warn the frequenter of the hazard.
 Under the open and obvious doctrine, an occupier or owner of premises "is under no duty to protect a business invitee against dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Paschal v. Rite Aid Pharmacy (1985), 18 Ohio St.3d 203, 480 N.E.2d 474, quoting Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589.
Sheppard v. KAP Realty d.b.a. Euclid Green Plaza (Aug. 12, 1999), Cuyahoga County App. No. 75860, unreported. Therefore, an open and obvious hazard is not technically a bar to a negligence claim, because without a duty there is no negligence. But there has been a judicial sleight of hand. In this case, the premises owner's duty is imposed by statute, R.C. 4101.11, which requires the owner of premises to "furnish a place of employment which shall be safe" for employees and frequenters and to do everything "reasonably necessary" to ensure their safety. Our Supreme Court, however, has rather interpreted the statute to be merely "a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that warning be given off the dangers off which he hasknowledge." Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248,249 (emphasis added). This common law interpretation, while relieving the courts of a duty to adhere to the text of the statute, actually expands the statutory duty; whereas the statute only speaks in terms of the manner in which premises were to be kept, the common law further imposes a duty to warn of latent dangers.
Latent dangers, almost by definition, are those which are not open and obvious. Therefore, it is both logical and sensible to hold that where the dangers are open and obvious there is no duty to warn and, thus, no basis for negligence. R.C. 4101.11 does not mention a duty to warn of latent dangers in the first place (or any dangers for that matter). It is concerned with maintaining premises in a reasonably safe condition for frequenters and employees. Why this statutory duty to maintain reasonably safe premises disappears merely because there is no duty to warn of open and obvious dangers has never been explained. In practice, the courts have equated the statutory duty with the common law duty and, then, only considered whether the duty to warn of latent dangers has been violated. Thus, the common law of Ohio holds that the more blatant, visible, open and obvious a danger is, the less likely it is that the courts will impose a duty to remove the danger — even under a statute specifically requiring a premises owner or occupier to maintain reasonably safe premises.
Sidle v. Humphrey (1968), 13 Ohio St.2d 45, did not create the open and obvious danger doctrine, but rather sanctioned its application by citing three of the leading treatises on Torts of that time. The following passage, cited in Sidle, is from 2 Harper James, Law of Torts (1956), 1491, and gives some of the reasoning behind the doctrine.
 The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. If plaintiff happens to be hurt by the condition, he is barred from recovery by lack of defendant's negligence towards him, no matter how careful plaintiff himself may have been.
Again, the Sidle opinion quotes the following from the venerable Prosser, Law of Torts (3 Ed. 1964), 403.
 * * * In the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself.
The point made by these authorities is that the invitee (or frequenter) has a duty to protect himself against open and obvious hazards regardless of any negligence on the part of the premises owner in either creating the hazard or allowing the hazard to exist.
To understand why that was so, it must be recalled that at the time Sidle was decided, contributory negligence was the law in Ohio and, as a result, any (contributory) negligence on the plaintiff's part served as a complete bar to a claim of negligence. Rather than being a distinct and exceptional rule to the law of negligence as it is today, the open and obvious doctrine in 1968 was part and parcel of the contributory theory of negligence. Therefore, in practice it did not matter whether a defendant alleged an "open and obvious" hazard or contributory negligence, since both stood as absolute bars to a plaintiff's recovery. In 1980, however, the Ohio General Assembly adopted R.C. 2315.19, thereby abolishing the common-law bar of contributory negligence to negligence claims and establishing the comparative negligence standard. The rule ofSidle, presently known as "open and obvious" doctrine, survived the conversion to a comparative negligence standard.
I say the doctrine "survived" the conversion to a comparative negligence standard because that is precisely how its continuing validity should be characterized, as a holdover from an earlier era. This fact is made more striking when one considers the fate of a similar doctrine, assumption of the risk, which was abolished by the Ohio Supreme Court after the passage of the comparative negligence statute.[1] Anderson v. Ceccardi (1983), 6 Ohio St.3d 110. Like the open and obvious doctrine prior to the passage of R.C. 2315.19, assumption of the risk acted as a complete bar to plaintiff's recovery in a negligence action. Although in theory assumption of risk was distinguishable from contributory negligence, in practice it made no difference if the plaintiff's conduct was characterized as assumption of the risk or contributory negligence because the claim was barred either way. Id. at 113. The reasons for this are notably similar to the reasons that Prosser and Harper James cite for barring claims based on an obvious hazard.[2] Assumption of the risk is based on the fact that the plaintiff has acted despite his knowledge of a hazard. In the case of an open and obvious hazard the obviousness can be relied on to supply knowledge and knowledge of the condition is incompatible with negligence in maintaining it because the frequenter has a duty to protect himself. If the frequenter fails to do so he is contributorily negligent and so barred from recovery. Such reasoning was admirable under the contributory negligence standard but makes no sense today under a comparative negligence standard where the relative negligence of both parties is taken for granted.[3]
I would also suggest the common origin that assumption of the risk and open and obvious doctrine had in contributory negligence theory is the reason why the courts have failed to recognize the duty to maintain premises and merely focus on the duty to warn of latent hazards when considering cases involving the duty owed to invitees and frequenters.[4] At a time when any failure in the plaintiff's own duty of care barred a claim for negligence, it did not really matter how many duties were imposed by law or statute upon the defendant; he had a complete defense to the action. Despite the conversion to comparative negligence standard and despite the merger of assumption of the risk under that standard, the Ohio courts by force of habit appear to continue to apply the open and obvious doctrine as a complete bar in spite of an express duty to maintain reasonably safe premises.[5]
The majority opinion points out an important limitation to the duty imposed by the Frequenter Statute when it states that there is "no duty to warn of obvious and inherently dangerous conditions." It is true that the Ohio courts have limited the duty under the Frequenter Statute so as not to impose a duty on employers toward independent contractors engaged in work, the performance of which involves elements of real or potential danger. Wellman v. East OhioGas Co. (1953), 160 Ohio St. 103, paragraph 1 of the syllabus. However, in this case it is not a question of appellant undertaking inherently dangerous work. At least brick-laying is not normally considered so. Here the condition creating the hazard is the alleged negligence of the appellee, not the nature of the work. As the supreme court has stated, it is the "abnormally dangerous condition of the premises" that entitled a contractor to recovery.Davis v. Shutrump Co. (1942), 140 Ohio St. 89, paragraph 1 of the syllabus (emphasis added).
The application of open and obvious doctrine in the present case does not mean that the court reaches a "wrong" or "unjust" decision. To the extent that the doctrine is applied to situations where the plaintiff's conduct is shown to be at least fifty percent of the proximate cause of the injury, the result is the same as if the open and obvious doctrine had been merged with contributory negligence just as assumption of the risk has been. R.C.2315.19(C). But to say that the claim was barred because the defendant owed the plaintiff no duty to warn him of the danger is to disregard an express duty on the premises owner to maintain premises in a reasonably safe condition. In the present case, it is merely begging the question. Obvious or not, both the appellant and appellee knew of the hazard and so the appellee's duty to warn the appellant of a hazard of which the appellant was already well aware is a nonissue. Furthermore, the statute under which the appellant brings suit says nothing about a duty to warn. The statute does, however, expressly impose a duty on owners such as the appellee herein to maintain reasonably safe premises. Common law imposes the same duty. Can it be that, as a matter of law, this duty does not exist when the violation of the duty itself is open and obvious?
The issue of appellant's negligence in his disregarding or failing to perceive an obvious hazard seems particularly suited to consideration under a comparative negligence standard. In such a situation the plaintiff's contributory negligence can be taken for granted. However, this should not automatically relieve a defendant of all responsibility under the fictitious theory that he was never under a duty to begin with. Rather, the question of the parties' relative negligence seems ideally suited for the jury's determination and that is how it is handled in the majority of the cases. Summary judgment granted on the grounds that the hazard was open and obvious should only be granted when the plaintiff's negligence in disregarding the hazard or failing in the duty of care is deemed less than that of the defendant's negligence in creating the hazard; i.e., "if the percentage of the negligence or implied assumption of the risk that is attributable to the complainant * * * is greater than the total of the percentages of the negligence that is attributable to all parties from whom the complainant seeks recovery * * * the court shall enter judgment in favor of those parties." R.C. 2315.19(C). Such is the law of Ohio at present by statute but for the open and obvious hazard doctrine.
Criticism of the open and obvious doctrine and its application is not the same as criticizing the concerns and principles which caused the doctrine to develop in the first place. Rather, it is believed that those concerns are now better served by the regular working of Ohio's comparative negligence standard instead of the outdated method of absolutely barring a claim for relief. Because, I believe, that the facts in this matter clearly show that the appellant's own neglect of the duty of care was at least fifty percent of the proximate cause of his injury, I would affirm the decision of the court below.
[1] Two types of assumption of the risk were excepted. The first is "express" assumption of the risk, which is still governed by contract law. The second is "primary" assumption of the risk, which applies in cases where the defendant lacked a duty to the plaintiff. Anderson, 6 Ohio St.3d at 113. See, also, Gallagher v.Cleveland Browns Football (1996), 74 Ohio St.3d 427.
[2] When one looks at the old cases it becomes apparent that the open and obvious doctrine was not even distinguishable from assumption of the risk. The fact patterns that we would today characterize under open and obvious doctrine were formally recognized as examples of assumption of the risk. See Westwood v.Thrifty Boy Super Markets, Inc. (1972), 29 Ohio St.2d 84; 39 Ohio Jur.2d (1959) 150, 302, Master and Servant, Sections 218, 341; Plasv. Holmes Construction Co., Inc. (1952), 157 Ohio St. 95, paragraph 1 of the syllabus; Davis v. Shutrump Co. (1942), 140 Ohio St. 89;Serafino v. Antinello (Mahoning 1911), 28 Ohio Cir. Dec. 669.
[3] Current justification for the doctrine, discussed supra, is that there is no duty on the defendant's part.
[4] Recall that the duty imposed on the appellee in the present case is imposed by statute, although the courts equate it with the duty imposed by common law. Therefore the criticisms of open and obvious doctrine apply regardless of the source of the duty.
[5] The point was also made by Justice Herbert, the sole dissenter in Sidle, that the majority has ignored the duty to render premises reasonably safe for invitees. 13 Ohio St.2d at 50.