Marticia Johnson appeals the judgment of the Scioto County Court of Common Pleas granting summary judgment in favor of P.J.L. Enterprises, Inc. ("PJL"). Johnson asserts that reasonable minds could disagree regarding whether PJL maintained the parking lot of its Golden Corral restaurant in a reasonably safe condition, and therefore summary judgment was improper. Based upon Johnson's testimony that she stepped backwards and failed to look where she was walking before she tripped in the parking lot, we find as a matter of law that Johnson failed to exercise ordinary care in avoiding an open and obvious danger.
Accordingly, we overrule Johnson's assignment of error and affirm the judgment of the trial court.
 I.
On July 20, 1995, Johnson went to the Golden Corral restaurant in New Boston, Ohio, with her husband, Andrew. The Johnsons arrived at the restaurant between 3:30 p.m. and 4:00 p.m., as they routinely did once or twice per week, and parked near the front of the building. Johnson, who was riding in the front passenger seat of the car, got out and stepped backwards to close the car door. As she stepped back, Johnson was looking at the car door, and did not look down. Johnson tripped over a concrete parking barrier and fell to the ground, breaking her hip. The barrier was approximately six inches high, six inches wide, and several feet in length.
Johnson filed a complaint against Golden Corral and PJL, alleging that Golden Corral and PJL were negligent in failing to properly maintain or mark the concrete barrier. Golden Corral and PJL filed motions for summary judgment. Johnson voluntarily dismissed her claim against Golden Corral, and filed a memorandum opposing PJL's motion for summary judgment. The trial court granted PJL's motion for summary judgment, finding that Johnson had a duty to look where she was walking, and that the concrete barrier constituted, an open and obvious hazard.
Johnson filed a timely notice of appeal and presents the following assignment of error for our review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE REASONABLE MINDS COULD DIFFER.
 II.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56 (A); Bostic v. Connor (1988), 37 Ohio St.3d 144,146; Morehead v. Conley (1991), 75 Ohio App.3d 409,411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535. On appeal, we apply the same standard as that applied in the trial court. Ruscilli v. Ruscilli (1993),90 Ohio App.3d 753. We accord no deference to the decision of the trial court, but rather conduct a de novo review of the motion for summary judgment. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103.
A business owner owes a business invitee "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, there is no duty to protect an invitee against dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589. While individuals are expected to exercise reasonable care for their own safety, the law does not require people "to look constantly downward * *." Grossnickle v. Germantown (1965),3 Ohio St.2d 96, paragraph two of the syllabus.
Where a hazard "is not hidden from view or concealed and is discoverable by ordinary inspection, the court may properly sustain a summary judgment against the claimant." Parsons v.Lawson Co. (1989), 57 Ohio App.3d 49, 51. Thus, even an obstruction that sits low to the ground in an area frequented by customers may be open and obvious as a matter of law, so long as it is not concealed. Pruitt v. Hayes (Mar. 5, 1998), Lawrence App. No. 97CA14, unreported (cart ten to twelve inches from ground and six feet long was open and obvious)
In this case, Johnson tripped and fell as she was getting out of a car and stepped back to close the door. Johnson testified at her deposition that she did not see the concrete barrier. She also testified, however, that she did not look where she was stepping, but instead looked at the car door. While Johnson did assert that the concrete barrier was similar in color to the parking lot, she did not assert that the barrier was hidden or not observable by ordinary inspection.
Viewing the evidence in the light most favorable to Johnson, and given that Johnson had a duty to look where she was walking, the concrete barrier was open and obvious so that Johnson was reasonably expected to discover it as a matter of law. Therefore, PJL is entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting summary judgment to PJL. We overrule Johnson's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Evans, J.: Dissents
___________________ Roger L. Kline, Presiding Judge