This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Nadine and Oscar Williams, appeal the verdict of the Summit County Court of Common Pleas, granting summary judgment in favor of appellees, Ricardo and Silver Garcias. This Court affirms.
 I.
In the winter of 1994, appellees moved into a bi-level home in Twinsburg, Ohio. Shortly after appellees moved into their new home, Nadine Williams ("Mrs. Williams") began baby-sitting appellees' daughter, who was also Mrs. Williams' granddaughter. For approximately four years, Mrs. Williams baby-sat her granddaughter seven days a week from 3:00 p.m. until 11:30 p.m. in appellees' home. This practice continued until June 29, 1998. On that summer day, after putting her granddaughter to bed, Mrs. Williams sat down and watched television. As she watched the television, she heard the doorbell ring and headed for the door. The door could only be reached by descending the stairs, which connected the foyer of the front door to the main level of the home. The stairs were installed in the spring of 1998, and cardboard had been stapled to the stairs to protect them until stain could be applied. As she walked down the stairs, the cardboard on the second step came off of the step. This caused Mrs. Williams to lose her footing and fall down the stairs. Due to the fall, Mrs. Williams suffered a humeral shaft fracture in her right arm.
Appellants filed a complaint asserting appellees were negligent in failing to maintain the premises in a reasonably safe condition and in creating hazardous conditions on the premises. Appellees filed a motion for summary judgment, and appellants motioned for partial summary judgment. The trial court granted appellees' motion for summary judgment and denied appellants' motion for partial summary judgment. This appeal followed.
 II.
Appellants assert two assignments of error. This Court will address them jointly.
 First Assignment of Error THE COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND THAT THE CARDBOARD COVERED STAIRWAY UPON WHICH APPELLANT FELL AND WAS INJURED WAS AN OPEN AND OBVIOUS DANGER WHEN IT IS A GENUINE ISSUE OF MATERIAL FACT WHETHER APPELLANT COULD REASONABLY HAVE BEEN EXPECTED TO APPRECIATE THE DANGER AND PROTECT AGAINST THAT DANGER.
 Second Assignment of Error THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLEE [sic] WHEN IT FOUND THAT APPELLANT HAD KNOWLEDGE OF THE POTENTIAL PERIL OR DANGER PRESENTED EQUAL TO THAT OF THE APPELLEE WHEN SUCH A DETERMINATION IS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE IN THE CASE AT HAND.
In their first and second assignments of error, appellants aver that the trial court erred in determining that the cardboard stapled to the stairs was an open and obvious danger and that Mrs. Williams had knowledge of the potential peril or danger equal to that of appellees. This Court disagrees.
Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293. An appellate court reviews a lower court's entry of summary judgment applying the de novo standard; thereby employing the same standard used by the trial court. See Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180.
A plaintiff asserting a negligence cause of action must prove "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty." Cooperider v. Peterseim
(1995), 103 Ohio App.3d 476, 479, citing Mussirand v. David (1989),45 Ohio St.3d 314. The existence of a duty in a negligence cause of action is a question of law for the court to decide. See Cogar v. ScheetzConstr. Co. (Jan. 14, 1998), Summit App. No. 18501, unreported, appeal not allowed (1998), 81 Ohio St.3d 1516. However, "an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, at paragraph one of the syllabus. "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. "It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." Mikula v. Slavin Tailors (1970),24 Ohio St.2d 48, 57.
Viewing the evidence in the light most favorable to appellants, this Court finds that appellees did not owe Mrs. Williams a duty with respect to the cardboard stapled to the stairs because it was an open and obvious danger. The evidence illustrates that Mrs. Williams was aware of the cardboard on the steps and that it had been there for sometime.[1]
Mrs. Williams baby-sat her granddaughter seven days a week and ascended and descended these stairs daily. From the evidence, reasonable minds could come to only one conclusion; the cardboard on the set of stairs was an open and obvious hazard which eliminated appellees' duty to warn of its danger. Accordingly, this Court is unable to find that the trial court erred in entering judgment in favor of appellees. Consequently, appellants' first assignment of error is overruled.
In their second assignment of error, appellants argue that there was a genuine issue of material fact with respect to whether Mrs. Williams had knowledge equal to that of appellees of the cardboard's potential danger. Accordingly, appellants contend that summary judgment was improperly granted.
Appellants argued that while Mrs. Williams was aware of the cardboard covering the stairs, she was not aware that the cardboard would slip off. The trial court found that Mrs. Williams had knowledge equal to that of appellees of the potential danger, and therefore found summary judgment appropriate. This Court agrees.
"The knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48. The evidence shows that Mrs. Williams was aware of the cardboard covering the steps and that she had traversed the cardboard covered stairs numerous times each week. Accordingly, in viewing the evidence in the light most favorable to appellants, this Court finds that reasonable minds could only conclude that Mrs. Williams had knowledge equal to that of appellees of the potential danger of walking on the cardboard covered steps.
Appellants' second assignment of error is overruled.
 III.
The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ DONNA J. CARR
BATCHELDER, P. J., WHITMORE, J., CONCUR
[1]
 Q: Now, at the time that you fell this cardboard had been on the steps for quite sometime, correct?
A: Yes.
Q: And you walked up and down that several times a day; correct?
A: No, not several times a day, occasionally.
Q: Well, you would at least walk in once every day; correct?
A: Yes.
 Q: And you would at least walk down, down the stairs once every day?
A: Yes.
 Q: And if there was anything else in between you would have to go up and down those stairs; correct?
A: Yes.
Williams at 24.