DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-plaintiff, Kimberly Davis, has appealed the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of appellees, Louis L. Murie and Hudson Drive Self Storage Center. This Court affirms.
Appellant was helping her friend, Robert P. Lamont, move some items into a rental storage unit when she tripped and fell over a 1/2" to 3/4" high cement lip that was located approximately 14 inches inside the unit, and injured herself. Lamont had rented the unit from Louis L. Murie, dba Hudson Drive Self Storage Center. Davis filed a negligence suit against Louis L. Murie and Hudson Drive Self Storage Center (hereinafter collectively referred to as "appellees"), asserting that appellees failed to warn her of the hazard, and as a result she sustained injury. Appellees filed a cross-claim against Lamont asserting that, in the event that they are found liable, they are entitled to indemnification from Lamont as he was in exclusive possession of the unit at the time of the incident.
Appellees moved for summary judgment arguing that they could not be held liable for appellant's injuries because they did not have a duty to warn or otherwise protect appellant against the alleged hazard of the lip inside the unit. Appellant responded in opposition. The trial court granted appellees' motion.
Appellant has timely appealed, and has asserted one assignment of error. Appellees have cross-appealed, and have assigned one error in the court below.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEE, LOUIS L. MURIE'S [sic] MOTION FOR SUMMARY JUDGMENT[.]
In her sole assignment of error, appellant avers that the trial court erred in granting summary judgment in favor of appellees. This Court disagrees.
In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. Perkins v.Lavin (1994), 98 Ohio App.3d 378, 381. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
A plaintiff alleging negligence must prove that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty. Mussivand v. David (1989), 45 Ohio St.3d 314,318. Whether a duty exists is a question of law for the court. Id.
According to appellant's deposition testimony, on the day of the accident the weather was clear and the sun was shining brightly. Appellant went to the storage unit to help her friend move. Before she began moving any items, she stood outside and looked into the unit. She did not notice the cement lip. Appellant then proceeded to help Lamont's wife carry an item into the storage unit. Appellant was walking backwards when she stepped down on the 1/2" to 3/4" cement lip and her ankle "gave out." She testified that as soon as the accident happened she looked at the floor and saw the lip.
It is undisputed that the cement lip measures between 1/2 and 3/4 inch high. It was designed into the cement slab foundation upon which the storage building sits to keep rainwater away from the units. The lip is located inside the unit, approximately fourteen inches from the outside edge of the foundation.
In their motion for summary judgment, appellees maintained that they had no duty to warn or otherwise protect appellant against the alleged hazard of the 1/2" to 3/4" cement lip, and therefore, as a matter of law, they could not be held liable. Appellees first argued that they did not have the requisite degree of control over the storage unit to give rise to liability because appellant was the social guest of a tenant, Lamont. Secondly, appellees asserted that even if the trial court found that appellant was a business invitee, the alleged hazard was open and obvious and insubstantial in nature, and therefore, liability could not attach. The trial court found that the parties presented conflicting evidence as to whether Lamont was in exclusive possession of the leased premises, and thus a material issue of fact existed as to whether appellees owed appellant no duty, or that duty owed to a business invitee. The court further found that the concrete lip did not create an unreasonably dangerous condition, and therefore appellees owed no duty to appellant whether appellant was a business invitee or not.
"[A]n owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property."Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644, citingSidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "The rationale behind the [open and obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. A business owner owes "business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, citing Campbell v. Hughes Provision Co. (1950),153 Ohio St. 9. A business owner, however, is not an insurer of the customer's safety. Id. Nor is the owner or occupier of such premises under a duty to protect business invitees from a dangerous condition that is so obvious and apparent that the invitee may be reasonably expected to discover it and protect himself against it. Id. at 203-204, citing Sidlev. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
Viewing the evidence in the light most favorable to appellant, this Court finds that the cement lip was an open and obvious danger and that therefore, appellees did not have a duty to warn or protect appellant. Accordingly, summary judgment was appropriate.
Appellant's sole assignment of error is overruled.
 CROSS-ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN HOLDING THAT A MATERIAL ISSUE OF FACT EXISTED AS TO THE EXCLUSIVE CONTROL OF THE LEASED PREMISES.
In their sole cross-assignment of error, appellees contend that the trial court erred in finding that there was a material issue of fact with respect to whether appellees owed appellant no duty, or owed appellant that duty owed to a business invitee.
Our disposition of appellant's assignment of error renders this question moot. Were we to now confront this issue we would be issuing an opinion concerning a matter which is no longer in controversy. We decline to issue such an advisory opinion.
Accordingly, we disregard appellees' cross-assignment of error as moot, pursuant to App.R. 12(A).
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant/cross-appellee.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., CONCURS IN JUDGMENT ONLY