OPINION
{¶ 1} Plaintiff Richard Whittington appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which dismissed his complaint for failure to state a claim upon which relief can be granted. Appellant appears pro se and assigns no errors in his original brief; however, his reply brief asserts the judge made an error in dismissing the complaint because the complaint contained a typographical error of which appellant was unaware.
 {¶ 2} Appellant's original complaint alleged he fell in the men's room of McDonald's because there was a plastic bag on the floor. The original complaint alleged appellant saw it on the floor before he slipped on it. On appeal, appellant alleges he inadvertently deleted the word "not" from the sentence "I did not see it" because of his apparent unfamiliarity with the word processing system.
 {¶ 3} In his motion to strike appellees' motion to dismiss, and also before us, appellant maintains he did not see the plastic bag on the floor before he stepped on it and slipped.
 {¶ 4} In order for the trial court to dismiss a complaint pursuant to Civ.R. 12(B)(6), the court must find beyond doubt, the plaintiff can prove no set of facts which would support his claim for relief, O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242.
 {¶ 5} Appellees argue the only possible interpretation of appellant's complaint is that there was an open and obvious condition of the restroom floor. An owner or occupier of property owes no duty to warns its invitees of an open and obvious danger existing on the property, Sidle v. Humphrey (1968), 13 Ohio St.2d 45.
 {¶ 6} Our review of appellant's complaint, and his motion to strike discloses no allegations tending to show the bag was not open and obvious, other than that appellant had to open the door to the men's room before stepping inside.
 {¶ 7} Appellees argued before the trial court appellant's response to the motion to strike by attempting to change the wording of his complaint, should not be interpreted as an attempt to amend the complaint, because a court may enter a judgment of dismissal pursuant to Civ.R. 12(B)(6) if it determines that there are no set of facts upon which the plaintiff could prove his case. As the Tenth District Court of Appeals explained in Hilliard v. Lease (December 23, 1993), Franklin Appellate No. 93AP-1029, the court must determine that there are no allegations consistent with the challenged pleadings which could cure the defect. Here, appellant revised his complaint to allege facts completely inconsistent with the facts alleged in the original complaint. Appellant's proposed amendment to his complaint contradicts one of the salient facts originally alleged.
 {¶ 8} Appellant's complaint also alleged discrimination contrary to the Americans With Disabilities Act, and with the Civil Rights Act Prohibition Against Employment, Discrimination and Sexual Harassment. However, appellant made no allegations in support of these claims.
 {¶ 9} We find the trial court did not err in dismissing the complaint for failure to state a claim upon which relief can be granted. Accordingly, the judgment is affirmed.
By Gwin, P.J., and Farmer, J., concur.
Hoffman, J., concurs in judgment only.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.