{¶ 33} I respectfully dissent from the majority opinion. While I recognize Armstrong v. Best Buy Co., Inc. 99 Ohio St.3d 79, held the open and obvious doctrine absolves the landowner of his or her duty to persons injured on his or her property, and further recognize if a hazardous condition is open and obvious, the trial court, as a matter of law, must then decide no duty exists, I find the issue as to whether the nature of the condition was, in fact, open and obvious remains a question of fact for the jury. The Supreme Court in Armstrong stated:
 {¶ 34} "By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that thecondition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. Ferrell, Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles (1995), 21 Ohio N.U.L.Rev. 1121, 1134. Even under the Restatement view, we believe the focus is misdirected because it does not acknowledge that the condition itself is obviously hazardous and that, as a result, no liability is imposed.
 {¶ 35} "Consequently, we hold that the open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, approved and followed."
 {¶ 36} A review of Armstrong demonstrates the Supreme Court applied the Civil Rule 56 standard for summary judgment to the facts of the case, and determined no genuine issue of material fact remained. The Court concluded the hazard was open and obvious; therefore, Best Buy owed no duty to Armstrong.
 {¶ 37} Based upon the above, I find a question of fact remains as to whether the "condition itself is so obvious that it absolves the property owner from taking further action to protect the plaintiff." Armstrong,
supra; See, Cole v. McCarthy Management, LLC, (Sept. 30, 2003), Lucas App. No. L-03-1020; Zuzan v. Shutrump (2003), 155 Ohio App.3d 589.
 {¶ 38} In the case sub judice, a review of the facts indicates appellant exited her seat, and took a step down. Her foot then got stuck on rubber molding protruding above the floor. She testified, when she went back she found the rubber molding was a "half an inch or more" high. The floor area where she fell was dark and unlit. The theater was dark and previews were being shown on the screen. Appellant indicated she would not have been looking at the floor, but rather in front of her to see if other patrons were coming towards her. The rubber molding appellant allegedly tripped on was not lit, and was dark in color against a dark tile floor. Appellant indicated in her testimony other rubber molding in the theater had lighting running along it, but the area where she fell did not.
 {¶ 39} Based on the above, the case sub judice is distinguishable from our prior opinion in Pass v. Cinemark USA, Inc., Sept. 28, 2004, Stark App. No. 2003CA00276. In Pass, the injured patron was exiting the theater after the movie was over. Further, the patron testified she had traveled the steps during the movie without incident to visit the restroom, and she had used the handrail. Upon exiting the theater after the movie, she misjudged her footing, and fell, sustaining injury.
 {¶ 40} In the case sub judice, appellant was exiting a darkened theater, after the movie had begun. Further, appellant actually stepped onto a protruding rubber strip, rather than misjudging the stairs she had traveled earlier. Therefore, I find the facts in the case hand significantly distinguishable from those we considered in Pass.
 {¶ 41} Accordingly, I find there are genuine issues of material fact for the jury as to whether the hazard in question was open and obvious to patrons of the theater. Reasonable minds could differ as to whether appellant should have looked at the hazard and appreciated the danger given all the circumstances. Therefore, I find the trial court's granting summary judgment inappropriate.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellants.