OPINION
{¶ 1} On September 1, 2001, appellant, Julia Moore, attended a wedding reception at Tall Timbers Banquet and Conference Center, appellee herein. During the course of the evening, appellant exited through a door and fell off a ramp, sustaining injuries.
 {¶ 2} On January 20, 2005, appellant, together with her husband, Hillen Moore, filed a complaint against appellee and its owners, LEP Enterprises, Inc. and Phel Enterprises, Inc., alleging negligence and loss of consortium, respectively. On September 2, 2005, appellees filed a motion for summary judgment, claiming the ramp was open and obvious. By judgment entry filed October 31, 2005, the trial court agreed and granted summary judgment to appellees.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT THE HAZARD WHICH INJURED PLAINTIFF WAS OPEN AND OBVIOUS AND THAT PLAINTIFF HAD ACTUAL KNOWLEDGE OF THE HAZARD'S EXISTENCE BY PRIOR USAGE."
 I {¶ 5} Appellants claim the trial court erred in granting summary judgment to appellees. Specifically, appellants claim there are disputed issues of material fact that the ramp was open and obvious and appellant's prior use was sufficient to impugn constructive knowledge of the ramp. We agree.
 {¶ 6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 7} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 9} The open and obvious doctrine in Ohio is defined inSidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus, as follows:
 {¶ 10} "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them."
 {¶ 11} It is appellants' position the ramp was not open and obvious because of the same carpet on the floor and the ramp and because of the ramp's minimal grade. In support of their position, appellants filed the affidavit of an architect, Brian Addis, A.I.A., wherein Mr. Addis stated the following at ¶ 5:
 {¶ 12} "(E) The ramp has a 1:10 slope which results in a very subtle or slight grade.
 {¶ 13} "(F) The ramp when viewed from a straight on position is not easily discernable. This is because the grade is subtle, and the fact that the ramp has the same carpet as the floor."
 {¶ 14} Appellant concedes she traversed the ramp on entering the premises, but did not notice it was a ramp. For purposes of summary judgment, we must presume this to be true.
 {¶ 15} What is most striking about the facts sub judice is that appellant's fall was not occasioned by the slope or the color of the ramp, but by slipping off the side of the ramp while exiting through the door.
 {¶ 16} Although appellees cite in their motion for summary judgment the depositions of Julia Moore and Lou Peskay, and the trial court relies on these depositions in its decision, we are unable to review their testimony because the depositions were not filed with the trial court.[1] Civ.R. 32(A) specifically states, "Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing." Therefore, the only evidence subject to our de novo review is the two affidavits in appellants' response to the motion for summary judgment.
 {¶ 17} Under a Civ.R. 56 standard, our review is limited to the evidence presented and it must be construed in the favor of the non-movant. Upon review, we find genuine issues of material fact to exist on the issue of open and obvious, and find the trial court erred in granting summary judgment to appellees.
 {¶ 18} The sole assignment of error is granted.
 {¶ 19} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and remanded.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed and the matter is remanded to said court for further proceedings consistent with this opinion.
[1] There is no docket entry of the filing of the depositions nor were any depositions found upon a call to the Clerk of Courts to check the trial court's files. Only limited parts of the depositions were included in the body of appellees' summary judgment motion.