OPINION
{¶ 1} Appellant Edward Rockey, individually and as Executor of the Estate of Melba Rockey, appeals the January 5, 2005, decision of the Fairfield County Court of Common Pleas which granted summary judgment on behalf of Appellees DMA Partnership/Robert E. Davis, D.D.S. and Jeffrey W. Krause, Inc./Jeffrey W. Krause, D.D.S.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} The accident giving rise to this case occurred on April 4, 2002, when Plaintiff Melba Rockey fell down a set of steps upon entering a building where her dentist Dr. Jeffrey Krause's office was located. Mrs. Rockey was visiting Dr. Krause for a follow-up appointment related to dental surgery she had undergone on April 2, 2002. Dr. Krause prescribed Darvocet for pain related to the surgery.
 {¶ 4} Mrs. Rockey and her husband had descended two flights of exterior steps before passing through the door to the building. Mr. Rockey held the door open for his wife to enter the building first. While he was closing the door, she fell down the interior stairway. Mr. Rockey did not see his wife fall, does not know from what step she fell or what caused her to fall. (Rockey depo. at 16, 21, 33). Mrs. Rockey sustained serious injuries as a result of her fall.
 {¶ 5} The interior stairway had a handrail on the right side but no handrail on the left side. Mr. and Mrs. Rocky had descended said stairway on numerous occasions prior to said fall. Mr. Rockey was unable to identify the reason for his wife's fall. (Rockey Depo. at 16, 41). Mr. Rockey cannot identify any defect in the steps or the stairway which may have caused the fall. (Rockey Depo. at 16, 41). Mrs. Rockey had no physical impairments impacting her ability to walk. (Rockey Depo. at 30). Mr. Rockey admitted in his deposition that he does not know whether the existence of a second handrail would have prevented his wife's fall. (Rockey Depo. at 47).
 {¶ 6} Prior to the date of Mrs. Rockey's fall, the Rockeys had visited Dr. Krause's office on at least twenty-seven (27) occasions. (Krause affidavit at ¶ 13)
 {¶ 7} The building in this case is owned by Appellees DMA Partnership and Dr. Robert E. Davis. The part of the building containing Dr. Krause's office was built in 1983 by DMA. At that time, DMA included a ramp for access to the first floor office used by Dr. Davis. (Davis Depo. at 21-22). The basement office leased by Dr. Krause only had stairs as the entrance. Dr. Krause has a second office located in Westerville which has ramp access. (Krause Depo. at 72).
 {¶ 8} On March 31, 2004, Appellants filed suit against Appellees asserting a claim of negligence contending that the lack of a second handrail was the proximate cause of her injuries. The Complaint also contained a loss of consortium claim on behalf of Melba Rockey's husband, Edward Rockey, and sought compensatory damages on both claims.
 {¶ 9} On June 6, 2004, Melba Rockey passed away and her Estate was substituted as a party on September 16, 2004.
 {¶ 10} Appellees filed a Motion for Summary Judgment.
 {¶ 11} The trial court, in a judgment entry filed on January 5, 2005, granted Appellees' motion for summary judgment.
 {¶ 12} Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS BECAUSE DEFENDANTS WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND THE CASE PRESENTED GENUINE ISSUES OF MATERIAL FACT WHICH DEMANDED JURY RESOLUTION."
{¶ 14} SUMMARY JUDGMENT STANDARD
 {¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 16} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 17} A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 18} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, (1996), 75 Ohio St.3d 280.
 {¶ 19} It is based upon this standard that we review appellant's assignments of error.
 I. {¶ 20} Appellant contends in the sole Assignment of Error, that the trial court erred when it granted Appellees motion for summary judgment. We disagree.
 {¶ 21} Specifically, Appellant argues the trial court erred in (1) not finding that Appellants had a duty to install a second handrail and/or make the entrance safe for patients; (2) not finding that a genuine issue of fact existed as to whether a second handrail or a safer entrance would have prevented Mrs. Rockey's fall; and (3) not finding that Dr. Krause was negligent for failing to refer Mrs. Rockey to his Westerville office where there was a ramp entrance.
 {¶ 22} A successful negligence claim requires a plaintiff to prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See Texler v.D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217, 274;Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,472 N.E.2d 707.
 {¶ 23} In a premises liability case, the relationship between the owner or occupier of the premises and the injured party determines the duty owed. See, e.g., Gladon v. Greater Cleveland Regional Transit Auth.
(1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287, 291; Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 417,644 N.E.2d 291, 294.
 {¶ 24} In the case sub judice, it is undisputed that Mrs. Rockey was a business invitee of Appellee Dr. Krause.
 {¶ 25} A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. See id. While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810,812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g., Brinkman v. Ross (1993),68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in Sidle:
 {¶ 26} "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., paragraph one of the syllabus. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claim. Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.
 {¶ 27} Upon review of the record, we do not find that the trial court committed error in granting Appellees' motion for summary judgment.
 {¶ 28} The trial court concluded that the condition of the steps only having one handrail was an open and obvious condition and therefore Appellees did not have a duty to protect Appellants from such condition. The trial court found no genuine issues of material fact as to proximate cause, citing that Mr. Rockey himself stated that he did not know the cause of his wife's fall, and finding no indication that the existence of second handrail would have prevented the fall.
 {¶ 29} Appellant argues that Appellees owed a heightened duty due to the fact that Appellant was prescribed and was taking pain medication. We are not persuaded by Appellants' argument in support of such proposition and do not find any case law that supports application of such a heightened duty in the case sub judice. Appellant was not physically disabled, requiring her to use a ramp, and the fact that one had to traverse a set of stairs in order to gain entrance into Dr. Krause's office is not in and of itself dangerous.
 {¶ 30} Upon review, we find that the trial court did not err in granting summary judgment in favor of Appellees. As stated above, Mrs. Rockey was a business invitee and as such, Appellees owed her a duty to maintain the premises in a safe condition. There was no evidence presented that the stairs leading down to Appellee Krause's office were unsafe or defective in any way. The fact that only one handrail was present was open and obvious and known to Melba Rockey as she had been to said office on numerous previous occasions. Furthermore, there was no evidence that the lack of a second handrail was the proximate cause of Melba Rockey's fall. No one knows how she fell or what caused her to fall.
 {¶ 31} Based on the foregoing, the trial court did not err in granting summary judgment in favor of Appellees. Appellant's sole assignment of error is overruled.
 {¶ 32} Accordingly, for the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed
Boggins, P.J., Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant.