OPINION
{¶ 1} Plaintiff-appellant Sandra Cramer appeals from a summary judgment rendered in favor of defendants-appellees David and Delores McCray on Cramer's negligence claims.
 {¶ 2} On the morning of February 5, 2003, Sandra Cramer was injured when she tripped and fell on a one and a half inch to two and a half inch raised crack in a sidewalk leading up to the front door of David and Delores McCray's home at 2263 Elsmere Avenue in Dayton. Cramer had previously met with the McCrays at their home a few days before when she took a tour of the home and then obtained an exclusive right to sell the McCrays' property. On that occasion, Cramer had parked in the driveway and cut across the lawn to get to the house. On the day of the fall, Cramer had parked on the street in front of the McCrays' home and proceeded up the sidewalk carrying a few papers in one hand. Cramer admitted that there were no adverse weather conditions on that day, and that there was nothing obstructing her view. Cramer also stated that she had no knowledge of the crack prior to her fall. The McCrays did not warn her of the crack prior to her fall.
 {¶ 3} Cramer filed this negligence action against the McCrays alleging that the McCrays failed to maintain their premises in a reasonably safe condition and failed to adequately warn Cramer that a dangerous condition existed. The McCrays filed a motion for summary judgment arguing that they had no duty to warn Cramer of the raised crack in the sidewalk because it was open and obvious. The trial court granted the McCrays' motion for summary judgment finding that the crack in the sidewalk was an open and obvious danger.
 {¶ 4} Cramer's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANTS' DAVID AND DOLORES McCRAY'S MOTION FOR SUMMARY JUDGMENT WHILE APPLYING THE `OPEN AND OBVIOUS DOCTRINE' TO THE FACTS OF THIS PREMISES LIABILITY CASE."
 {¶ 6} Cramer contends that the trial court erred in granting the McCrays' motion for summary judgment because reasonable minds could not come to but one conclusion that the defect in the sidewalk was open and obvious. Cramer argues that although a height differential of two inches is substantial and an actionable defect as a matter of law, the two and a quarter inch height differential in the McCrays' sidewalk is "barely actionable" making it less open and obvious than a much larger defect.
 {¶ 7} We review the appropriateness of summary judgment de novo and follow the standards as set forth in Civ.R. 56. Koos v. Cent. OhioCellular, Inc. (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201, citation omitted.
 {¶ 8} Cramer raises the two-inch rule in relation to the open and obvious doctrine arguing that a defect that is less than two inches is insubstantial and therefore, cannot be open and obvious. Cramer then argues that although a defect that is two inches is substantial, the two and a quarter inch defect in the McCrays' sidewalk is less open and obvious than a larger defect. We agree with the trial court that the two-inch rule is separate from the open and obvious doctrine and that "there is no rule that says a two inch crack cannot be open and obvious as a matter of law." The depth of the crack is only one relevant factor to be considered in determining whether the sidewalk defect was open and obvious.
 {¶ 9} In determining whether the sidewalk defect in this case was an open and obvious danger, we rely on Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088. In Armstrong, the Supreme Court of Ohio reexamined the open and obvious doctrine and stated the following:
 {¶ 10} "The sole issue before this court concerns the viability of the open-and-obvious doctrine, which states that a premises-owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96,233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 644, 597 N.E.2d 504. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474;Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 12 O.O.3d 321,390 N.E.2d 810. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Armstrong, at ¶ 3.
 {¶ 11} The Ohio Supreme Court went on to state that "[w]e continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. Ferrell, Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles (1995), 21 Ohio N.U.L.Rev. 1121, 1134. * * *
 {¶ 12} "Consequently, we hold that the open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, approved and followed." Armstrong, at ¶ 13-14.
 {¶ 13} In this case, Cramer admitted in her deposition that when she walked up the pathway to the McCrays' house, she was carrying only a few papers and that nothing was obstructing her view prior to her fall. Cramer also admitted that there were no adverse weather conditions that day and that it was daylight out with no fog or snow on the sidewalk. Cramer further stated that she had visited the McCrays' home before her mishap. In his affidavit, David McCray averred that the length of the crack ran the entire width of the sidewalk and measured two feet eleven and three-quarters inches. McCray further averred that the depth of the crack ranged from one and a half inches to two and a quarter inches. In her affidavit, Cramer averred that the depth of the crack was two and a half inches in the area where her foot caught and she fell. In viewing the photographs supplied by both parties, we find that the sidewalk defect in question was visible to all persons walking up the pathway to the McCrays' home. Thus, the sidewalk defect presented an open-and-obvious danger. Since the hazard was open and obvious, we conclude that the McCrays owed no duty to Cramer. No genuine issue of material fact remains. We conclude that the trial court did not err in granting the McCrays' motion for summary judgment because reasonable minds could come to but one conclusion that the defect in the sidewalk was open and obvious. The judgment of the trial court entering summary judgment in favor of David and Delores McCray is affirmed.
Fain, J., and Donovan, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).