OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Geoffrey Springer, filed November 11, 2005. Springer appeals the trial court's October 24, 2005 grant of summary judgment in favor of the University of Dayton. Springer filed a Complaint against the University of Dayton after he was injured in the parking lot of the University of Dayton Arena ("Arena"). On March 12, 2004, Springer and a friend attended the Atlantic 10 Conference Basketball Tournament at the Arena. At approximately 11:00 p.m., they left the Arena and headed toward their car, which was in Lot A on the south side of the Arena. Springer began to jog, looking ahead into the intervening space between himself and the car. Springer passed through an open traffic gate, and he then tripped over a wire traffic cable extended between two concrete posts between Lots A and B. Springer fell to the pavement and sustained injuries, including a broken arm. He did not see the cable until after he fell. Springer alleged that the University of Dayton was negligent in failing to discover, correct and/or repair the hazardous condition and also in failing to warn the public of the hazardous condition. The trial court granted the University of Dayton's Motion for Summary Judgment, concluding that "there is no genuine issue of material fact that the cable was an open and obvious condition, as it was readily observable had Plaintiff merely looked in front of him, rather than off in the distance, while jogging through a parking lot at night."
 {¶ 2} Springer asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN THAT A GENUINE ISSUE OF FACT REMAINED AS TO WHETHER AN UNMARKED STEEL CABLE ACROSS A VEHICULAR AND PEDESTRIAN THOROUGHFARE WAS `OPEN AND OBVIOUS' WHEN ENCOUNTERED AT NIGHT AND WITH MINIMAL LIGHTING."
 {¶ 4} "Appellate review of a decision by a trial court granting summary judgment is de novo." Cox v. Kettering MedicalCenter, Montgomery App. No. 20614, 2005-Ohio-5003.
 {¶ 5} "In Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, the Ohio Supreme Court reaffirmed the viability of the open and obvious doctrine as an absolute defense to liability. The court noted that: `in order to establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulting therefrom.' (Internal citations omitted). In applying this standard, the court stressed that `where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.'" (Internal citations omitted). Scholz v. Revco Discount Drug Center, Inc.,
Montgomery App. No. 20825, 2005-Ohio-5916. "The rationale is that an `open and obvious' danger serves as its own warning. `Open and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection. (Internal citations omitted). More importantly, the dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable. Even in cases in which the plaintiff did not actually notice the condition until after he or she fell, [courts] have found no duty to exist in cases where the plaintiff could have seen the condition if he or she had looked." Lydic v. Lowe's Companies,
Franklin App. No. 01AP-1432, 2002-Ohio-5001. "[D]arkness is always a warning of danger and cannot be disregarded." Townsendv. Wolfe, (March 1, 1978), Montgomery App. No. 5712.
 {¶ 6} "When courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Cramer v. McCray,
Montgomery App. No. 20791, 2005-Ohio-5507.
 {¶ 7} Having thoroughly reviewed the entire record, we agree with the trial court that the cable at issue was an open and obvious danger relieving the University of Dayton of any duty to warn Springer of its existence. To hold otherwise "would have the affect of making premises owner's insurers of the safety of all who happen to pass across an owner's parcel," as the trial court correctly noted. Springer testified as follows regarding the cable: "* * * I can imagine that I didn't see it because it was dark. * * * it's a dark background, the sky is dark and the cable was dark gray. And it's about thigh high, which means * * * it's below my line of sight and it was not marked with any type of * * * florescent flags or anything like that. I mean it's not easily seen. It's something you can't see." Springer then testified that he did clearly see the cable after he had fallen over it, establishing that the cable was in fact visible to an ordinary observer, had he looked directly in front of himself while jogging and not into the distance. Springer testified that there was no foot or vehicular traffic ahead of him that may have obscured his view. Additionally, the testimony is the cable was extended over the width of two traffic lanes and no parking lot lights were noted to be out.
 {¶ 8} Springer's reliance on Grossnickle v. Village ofGermantown, 3 Ohio St.2d 96, 209 N.E.2d 442, in which the plaintiff's contributory negligence was alleged, is misplaced. The plaintiff in Grossnickle sustained injuries after falling on a patch of ice on a sidewalk. The judgment on verdict for plaintiff was affirmed, based on the court's determination that her attention at the time of the fall was diverted; "when plaintiff arrived at the point of danger from the sheet of ice on the sidewalk, just several steps from the street intersection which she proposed to enter, she had the right and, indeed, the duty to concern herself as much with steadying herself and her clothing against the wind, observing the traffic signal in the center of the street and searching for possible traffic turning into her path, as with the conditions under foot." Springer's attention was not similarly diverted by wind, a traffic signal and possible oncoming traffic, or anything else, and the trial court correctly determined that he had "a paramount duty" to look where he was going, especially in a parking lot at night. By looking ahead into the distance, Springer "abandon[ed] the duty imposed to look." Backus v. Giant Eagle (1996),115 Ohio App.3d 155. Had he not done so, he would have seen the cable. Its visible, open and obvious nature absolved the University of Dayton from taking further action to protect Springer.
 {¶ 9} Springer's assignment of error is overruled, and the judgement of the trial court is affirmed.
Grady, P.J. and Valen, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).