[Cite as *King v. Wings & Brews, Inc.*, 2018-Ohio-1469.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DIANA KING, ADMINISTRATOR OF THE ESTATE OF MARY MINOR, DECEASED | : : : : | JUDGES: Hon. W. Scott Gwin, P.J. Hon. Patricia A. Delaney, J. Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellant | : : | |
| -vs- | : : | Case No. 17CA64 |
| WINGS AND BREWS, INC. DBA BROWN DERBY ROADHOUSE | : : : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2016CV0160

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 12, 2018

APPEARANCES:

For Plaintiff-Appellant

BRYON CORLEY
28 Park Avenue West, Suite 1002
Mansfield, OH  44902

For Defendant-Appellee

KIRK E. ROMAN
50 South Main Street, Suite 502
Akron, OH  44308

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Diana King, Administrator of the Estate of Mary Minor, Deceased, appeals the June 26, 2017 order and judgment entry of the Court of Common Pleas of Richland County, Ohio, granting summary judgment to Defendant-Appellee, Wings and Brews, Inc. dba Brown Derby Roadhouse.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 25, 2012, Ms. Minor, age 83, drove herself to the Brown Derby Roadhouse restaurant to have dinner with her daughter, appellant herein, and others. Ms. Minor walked into the restaurant with the assistance of a cane.  Upon leaving the restaurant, Ms. Minor fell and sustained injuries, requiring surgeries.  Thereafter, she died on July 7, 2013, caused by cardiac arrest due to acute myocardial infarction.

{¶ 3}   Prior to her death, Ms. Minor told appellant there were peanuts on the floor of the restaurant in the area where she had fallen.  On February 10, 2016, appellant filed a complaint against appellee claiming negligence and wrongful death.  The complaint alleged Ms. Minor, as a business invitee, slipped on an oily substance on the floor.  This complaint was a refiling of a previous complaint that appellant had voluntarily dismissed. On May 25, 2017, appellee filed a motion for summary judgment, arguing there was no evidence of what caused Ms. Minor to fall.  By order and judgment entry filed June 26, 2017, the trial court granted the motion.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}  "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE WINGS AND BREWS, INC. REGARDING DEFENDANT'S NEGLIGENCE AS THERE ARE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDE THE GRANTING OF SUMMARY JUDGMENT IN APPELLEE'S FAVOR."

I

{¶ 6}  In her sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellee.  We disagree.

{¶ 7}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 9} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be

denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 10} "[I]n order to establish actionable negligence, one must show the existence of a duty, a breach of the duty, and an injury resulting proximately therefrom." *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). As a business invitee, appellee owed Ms. Minor a duty of ordinary care to maintain the premises in a reasonably safe condition. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). "An occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." *Sidle v. Humphrey,* 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{¶ 11} Specifically, appellant argues genuine issues of material fact exist as to whether the hazard created by the peanuts on the floor was open and obvious and as a result, whether appellee breached its duty of care owed to Ms. Minor. Appellant's Brief at 7.

{¶ 12} The deposition of appellant was presented to the trial court for its Civ.R. 56 review. Appellant stated her mother drove herself to the restaurant and although she used a cane for assistance, she had no trouble walking to the table. King depo. at 23, 25-26, 29, 35, 38. Appellant did not see anything on the floor on the way to the table. *Id.* at 39. During the meal, Ms. Minor went to the restroom twice by herself without incident. *Id.* at 41. Upon leaving the table to exit the restaurant, appellant walked behind her mother. *Id.* at 45. Appellant and Ms. Minor then linked arms and walked through the interior door toward the exterior door when Ms. Minor fell. *Id.* at 45, 49, 55. Appellant could not say if anything was on the floor between the interior door and the exterior door. *Id.* at 55. Appellant did not know what caused her mother to fall. *Id.* at 56. Appellant was the only witness to the fall. *Id.* at 57. Employees came after the fall. *Id.* at 57-58. An ambulance arrived and transported Ms. Minor to the hospital. *Id.* at 58. Sometime later, Ms. Minor told appellant she believed peanuts were on the floor. *Id.* at 59-60. Appellant admitted to not seeing any peanuts on the floor. *Id.* at 60-61. The trial court was not presented with any affidavits from others in attendance on the day in question (patrons, employees, ambulance personnel) regarding the existence of peanuts on the floor. There was no indication that this was a restaurant that customarily had peanuts and/or peanut shells on the floor.

{¶ 13} In its June 26, 2017 order and judgment entry granting appellee's motion for summary judgment, the trial court determined there was "no sworn evidence that the peanut was there."

{¶ 14} Upon review, we agree with the trial court. There is no sworn evidence that peanuts were on the floor and if so, whether they caused Ms. Minor's fall. Given the

Civ.R. 56 evidence presented, we find the trial court did not err in granting summary judgment to appellee.

{¶ 15} The sole assignment of error is denied.

{¶ 16} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, J. and

Delaney, J. concur.

EEW/db 43